## PICKRELL v. THOMPSON.

---

PRACTICE; VERDICTS AGAINST EXECUTORS AND ADMINISTRATORS; INTERLOCUTORY ORDERS.

Where after a verdict for the plaintiff in an action against the executrix of an endorser of a promissory note, the trial court in overruling a motion for a new trial adjudges that the plaintiff ought to have judgment for the amount of the verdict, or so much thereof as the unadministered assets in the hands of the defendant are sufficient to pay, and refers the cause to the auditor to report upon such assets, such order or judgment is merely interlocutory, and no appeal lies from it.

No. 667. Submitted November 16, 1897. Decided April 4, 1898.

HEARING on an appeal by a defendant executrix from an

12 Ct. App.—30

order of reference to the auditor after a verdict for the plaintiff. *Appeal dismissed.*

The facts are sufficiently stated in the opinion.

*Mr. Enoch Totten* and *Messrs. Gordon & Gordon* for the appellant.

*Mr. Leigh Robinson* and *Mr. Conway Robinson* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The action was against a surviving executrix of an endorser of a promissory note, and, upon certain issues joined and trial had, a verdict was rendered against the defendant. One of the questions in the case, and intended to be presented on the appeal taken, is as to the validity of the verdict. But the court below sustained the verdict, and upon overruling a motion to set aside the verdict and to grant a new trial, the court proceeded to adjudge and determine that because the plaintiff "ought to have judgment for the amount of the verdict or *so much thereof* as the assets which have or shall come to the hands of the defendant to be administered are sufficient to pay, regard being had to the whole amount of said assets and of all claims lawfully payable out of the same, *but because it is unknown to the court what the amounts of said assets and claims are respectively,* it is referred to the auditor of this court to ascertain and report the same; and it is ordered that this cause stand over to await said auditor's report, or the further order of the court."

This, so far as the record discloses, is the only judgment of any kind that has been entered in the case upon the verdict found by the jury; and it is from this mere interlocutory order or judgment that the present appeal was taken. That the appeal was prematurely taken is manifest, as there could be no final judgment entered on the verdict until the auditor had made his report, ascertaining what proportion of the assets of the deceased was subject to the final judgment to be entered. This is required by the express pro-

vision of the statute, and the order of the court, referring the case to the auditor, was in strict accordance with the provision of the statute in such case.

By the Maryland Testamentary Act (in force here) of 1798, Ch. 101, Subch. 8, Sections 7, 8, 9, it is provided that—

"As in pleading it is extremely difficult for executors and administrators, as well as the opposite parties, to guard against error or mistake, which may operate unjustly against them, in no action, brought against an executor or administrator, shall it be necessary for him to plead *plene administravit*, or anything relative to the assets, or for the plaintiff to reply to such plea. . . . And if the verdict of the jury on the issue joined be against the executor or administrator, or if he shall be willing to confess judgment, and the debt or damages which the deceased (if he or she were alive) ought to pay, be ascertained by verdict, or confession or otherwise, the court, before whom the action was brought, shall thereupon assess the sum which the executor or administrator ought to pay, regard being had to the amount of assets in his hands, and the debts due to other persons; and if it shall appear to the said court that there are assets to discharge all just claims against the deceased, the judgment shall be for the whole debt or damages found by the jury, or confessed, or otherwise ascertained, and costs; and if it shall appear to the court that there are not assets to discharge all such just claims, the judgment shall be for such sum only as bears a just proportion to the amount of the debt, &c., regard being had to the amount of all the just claims, and of the assets. . . . And the court before whom the suit is brought against the executor or administrator for the recovery of a debt or damages, shall have power, when the real debt or damages are ascertained, to refer the matter to an auditor, *to ascertain the sum for which judgment shall be given*; and in case the judgment shall be for a sum inferior to the real debt or damages and costs, it shall go on and say 'that the plaintiff be entitled to such further sum as the court shall hereafter assess

on discovery of further assets in the hands of the defend-
ant;' and the court, at any time afterwards, when applied
to by the plaintiff, on three days notice, &c., may assess and
give judgment for such further proportionable sum as the
plaintiff shall appear entitled to, regard being had as afore-
said to the amount of the debt, and other claims; and on
any judgment passed as aforesaid, a *fieri facias* may issue
against the defendant, and either his own goods, or the
goods of the deceased, may be thereon taken and sold;
and it shall be the duty of the executor or adminis-
trator to discharge the said judgment, or put it on a footing
with other just claims, and on failure his administration
bond may be put in suit by the plaintiff." 2 Kilty, 842;
Abert, Com. St. 22.

While this case was under argument and before the argu-
ment was concluded, information was received by counsel,
and the fact was announced to the court, that Mrs. Pickrell,
the defendant, the appellant to this court, had died since
the commencement of the argument. It was, however,
agreed that the argument should proceed and be concluded,
and that after proper parties were made, the case should be
taken and considered as if submitted to the court, without
further argument. No notice was taken of the nature or
character of the judgment appealed from; and it is only
recently that the death of Mrs. Pickrell has been suggested,
and an application has been made to this court by the
administrator *de bonis non*, with the will annexed, of the
late A. H. Pickrell, to become a party defendant and appel-
lant to the cause, in the place and stead of Mrs. Pickrell,
the executrix, recently deceased. And by consent it is also
proposed to make the personal representative of Mrs.
Pickrell, the deceased executrix of her late husband, A. H.
Pickrell, a party defendant and appellant on the record in
this court. This state of things may involve and give rise
to questions that have not been tried and decided by the
court below, and which this court would be incompetent to

try and decide, except in the exercise of its powers and jurisdiction as a court of review.

However, as the case presents itself on the record in this court, there is no power to take any proceeding here, other than to dismiss the appeal as having been prematurely taken. There is no final judgment in the court below from which an appeal could have been taken, and the record therefore is not properly here. Act of Congress of February 9, 1893, section 7. If this court were to take cognizance of the case, and should affirm the interlocutory order of reference of the court below, no writ of error would lie to the Supreme Court of the United States, because the judgment would not be final, nor could any execution issue upon such interlocutory order or judgment, until the true proportion of assets is ascertained in the court below, and a final judgment is entered on the verdict for the amount so ascertained. The appeal will be dismissed and the cause remanded, that proper proceedings may be taken to make parties, and to ascertain the amount of assets applicable to the case, and to have final judgment entered therefor, in accordance with the directions of the statute in such case provided.

*Appeal dismissed.*